# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00760-CV

Asplundh Tree Expert Co., Appellant

v.

Bryan Goertz and Debbie Goertz, et al., Appellees

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NO. 2012-MCF-01, HONORABLE TERRY FLENNIKEN, JUDGE PRESIDING**

## O R D E R   G R A N T I N G   P E T I T I O N   F O R   P E R M I S S I V E   A P P E A L

PER CURIAM

Pending before this Court is the unopposed petition for permissive appeal filed by Asplundh Tree Expert Co. Having considered the application, we grant the requested relief.

This appeal is related to the Bastrop County Complex Fire, which occurred in September 2011. Within two years after the fire, hundreds of property owners and more than fifty subrogation property insurers sued petitioner Asplundh.[1] Those suits were consolidated under Master Case No. 2012-MCF-01 for discovery and pretrial purposes, and the claims brought by the individual and subrogation plaintiffs have since settled.

In May 2012, a class action was filed on behalf of other property owners in the area who only suffered up to a 25% decrease in property valuation. After the trial court denied the class

---

[1] The local electric utility company was also named as a defendant.

certification in March 2015, more than 700 additional plaintiffs filed suit against Asplundh. Those new lawsuits were also consolidated into Master Case No. 2012-MCF-01.

In September 2015, Asplundh filed a motion for summary judgment, asserting that the new suits were barred by limitations. The new plaintiffs asserted that limitations were tolled under *American Pipe & Construction Co., Inc. v. Utah*, 414 U.S. 538 (1974). On October 28, 2016, the trial court signed an order denying Asplundh's motion for summary judgment, concluding that limitations were tolled under *American Pipe*, and granting permission for a permissive interlocutory appeal to address the following two issues: (1) did the *American Pipe* tolling doctrine toll the statute of limitations for the putative class members pending a ruling on class certification; and (2) if so, was the statute of limitations tolled for plaintiffs' claims in this case in respect to all causes of action and remedies sought by plaintiffs, irrespective of whether those causes of action and remedies were expressly included in the class petition. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. App. P. 28.3.

We conclude that the order Asplundh seeks to appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d), (f). We grant Asplundh's petition for permissive appeal of the trial court's order dated October 28, 2016. *See id.*

Notice of appeal is deemed to have been filed as of the date of this order. *See id.* § 51.014(f); Tex. R. App. P. 28.3(k). The clerk's record and the reporter's record, if applicable, are due on or before December 12, 2016. *See* Tex. R. App. P. 28.3(k), 35.1(b). Asplundh's brief will

be due twenty days after the appellate record is filed, and appellees' briefs will be due twenty days after Asplundh's brief is filed.  *See* Tex. R. App. P. 28.3(k), 38.6.  The clerk of this Court shall file a copy of this order with the trial court clerk.  *See* Tex. R. App. P. 28.3(k).

It is ordered December 1, 2016.


Before Justices Puryear, Pemberton, and Field